IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ADAMS OUTDOOR ADVERTISING
LIMITED PARTNERSHIP,

                      Plaintiff,

  v.

CITY OF MIDDLETON, MARK OPTIZ,
and ABBY ATOUN,

                      Defendants.

OPINION and ORDER

22-cv-51-jdp

---

    The court held an unrecorded scheduling conference on June 21, 2022, to set a schedule for the City of Middleton's renewed motion for a preliminary injunction, Dkt. 33, and the prompt resolution of the case on the merits. The discussion became more substantive than expected, so the court issues this order to memorialize the discussion and the court's decisions.

    Adams Outdoor Advertising reiterated that it will not activate the sign until the city rescinds the stop-work order or the court so orders. The renewed motion for a preliminary injunction will be denied because, given Adams's representations to the court, the city cannot show that it would suffer irreparable harm without it.

    The court and the parties agree that this case is one that could be efficiently resolved by motions for summary judgment without extensive discovery. But two complications remain: (1) Adams believes it must apply to a state court for a writ of mandamus to preserve its right to the needed electrical permit; and (2) the Seventh Circuit's impending decision in *Adams Outdoor Advertising v. City of Madison*, 7th Cir. Case No. 20-1670, may be decisive on the constitutional issues.

For what it's worth, it does not make sense to me to have aspects of this dispute pending both in federal and state court. It might make sense to forestall extensive briefing of matters that might be resolved by the Seventh Circuit in the pending appeal. But for now, I will leave it to the parties to figure out how to deal with these issues. Magistrate Judge Crocker will hold a scheduling conference in about 30 days where the parties can lay out their proposals for setting the case for efficient resolution, which may involve staying or dismissing the case without prejudice while the Seventh Circuit decides the pending appeal.

The city also touched on its pending motion for a more definite statement, Dkt. 26, and it suggested that it might also file a motion to dismiss. The court encouraged the parties to present all the substantive issues in a single dispositive motion.

The court will decide the motion for a more definite statement in this order. A motion for a more definite statement under Federal Rule of Civil Procedure 12(e) is appropriate if a complaint is "so vague or ambiguous that the [movant] cannot reasonably prepare a response." Rule 12(e) is "designed to strike at unintelligibility rather than want of detail." *Juneau Square Corp. v. First Wisconsin Nat. Bank of Milwaukee*, 60 F.R.D. 46, 48 (E.D. Wis. 1973). Adams's amended complaint, Dkt. 20, is not unintelligible. The complaint identifies the factual basis for Adams's constitutional claim: Adams alleges that the sign code bans "off-premise signs" with commercial messages while allowing other types of signs, and that the ban is an unconstitutional content-based restriction on speech. Dkt. 20, ¶¶ 34, 54. The city's true concern is that Adams's theory is no longer viable following the Supreme Court's decision in *City of Austin v. Reagan National Advertising of Austin, LLC*, 142 S. Ct. 1464 (2022). *See* Dkt. 30, at 3. But that's an argument on the merits of Adams's claim; it isn't germane to whether

Adams's complaint is unintelligible. The city can reasonably respond to Adams's allegations, so the motion will be denied.

ORDER

1. Defendant City of Middleton's renewed motion for a preliminary injunction, Dkt. 33, is DENIED.

2. Defendant's motion for a more definite statement, Dkt. 26, is DENIED.

3. Magistrate Judge Crocker will set a scheduling conference for approximately 30 days from the date of this order.

Entered June 21, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge