IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ADAMS OUTDOOR ADVERTISING
LIMITED PARTNERSHIP,

                                                              OPINION and ORDER
                        Plaintiff,

        v.                                                          22-cv-51-jdp
                                                                    22-cv-359-jdp
CITY OF MIDDLETON, MARK OPTIZ,
and ABBY ATTOUN,

                        Defendants.


These cases arise out of a dispute between plaintiff Adams Outdoor Advertising and defendants over the legality of a digital billboard erected by Adams in the city of Middleton, Wisconsin. Adams filed case No. 22-cv-51-jdp in federal court; months later, Adams filed case No. 22-cv-359-jdp in Wisconsin state court. Defendants timely removed the state lawsuit to this court on the ground that some of Adams's claims arise under federal law. Dkt. 2.[1]

Before the court now are two motions: defendants' motion to consolidate these two cases and Adams's motion to remand case No. 22-cv-359-jdp to state court for lack of jurisdiction. Jurisdiction is the first question in every federal court, *see Aljabri v. Holder*, 745 F.3d 816, 818 (7th Cir. 2014), so the court will address Adams's motion to remand first. Adams's complaint raises no federal claims, so this court lacks jurisdiction and will grant the motion to remand.

---

[1] All docket citations are to case No. 22-cv-359-jdp except where noted.

BACKGROUND

Adams filed a federal complaint against the defendants in January 2022. *Adams Outdoor Advert. Ltd. P'ship v. City of Middleton*, No. 22-cv-51-jdp (W.D. Wis.), Dkt. 1. Adams alleged that the city's Sign Code is unconstitutional, both on its face and as applied to Adams, and requested a declaration that the defendants had approved its sign permit application by default pursuant to Section 22.04(3)(c) of the city's Sign Code. No. 22-cv-51-jdp, Dkt. 1, ¶¶ 150, 162. However, Adams amended its complaint to remove the as-applied constitutional challenge and the state-law claim, leaving only the facial constitutional challenge—a federal claim—intact. No. 22-cv-51-jdp, Dkt. 20.

Adams's state-law claim soon remerged on the face of a second complaint against the defendants—filed, this time, in Wisconsin state court. *See* Dane County Case No. 22-cv-1515, Doc. 1. Defendants timely removed the state action to this court contending that the complaint presents a federal question. Dkt. 1.

ANALYSIS

28 U.S.C. § 1441(a) allows a defendant to remove a civil action brought in state court to federal court so long as the claim is within the jurisdiction of the federal court. "The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). Therefore, unless the party seeking removal establishes that the case raises a federal question, or that the parties are completely diverse and the amount in controversy exceeds $75,000, the

court must remand the case. *See Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009).

All agree that the court does not have jurisdiction on the basis of diversity, Dkt. 9, at 5, n.1, so defendants must establish that the state complaint raises a federal question for this court to have jurisdiction. A complaint raises a federal question "only when the plaintiff's statement of his own cause of action shows that it is based upon federal law." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (internal quotations omitted). The rationale is that the plaintiff is the master of its complaint and may choose to avoid federal jurisdiction by relying exclusively on state-law claims. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). However, a complaint purporting to contain only state-law claims can be recharacterized as one presenting a federal question if the law governing a claim is exclusively federal. *See Vaden*, 556 U.S. at 61; *see also Hays v. Cave*, 446 F.3d 712, 713 (7th Cir. 2006) ("[I]f federal law creates the claim on which the plaintiff is suing, the fact that he has omitted from his complaint any reference to federal law will not defeat removal.").

Here, Adams does not expressly invoke any federal claims in its state complaint. Nonetheless, defendants argue that Adams is actually asserting the same as-applied constitutional challenge that it removed from its federal complaint, albeit without any explicit reference to federal law. Dkt. 9, at 5–9. Defendants are correct that Adams may not escape federal jurisdiction when federal law creates the claim on which it is suing, but that principle doesn't apply here. In the '359 case, Adams has simply exercised its option to pursue exclusively state-law claims despite the availability of federal ones. *See Caterpillar*, 482 U.S. at 392.

The relevant question in determining jurisdiction is not whether Adams *could* bring a federal claim, but is whether Adams's complaint contains a claim that is *exclusively governed* by

federal law. In this complaint, Adams brings claims "that request the Dane County Circuit Court to interpret and apply the meaning of local ordinances to resolve issues stemming from a dispute with the City." Dkt. 7, at 4. These claims are not exclusively governed by federal law; they are state-law claims that belong in state court. *See, e.g.*, *Waldron v. McAtee*, 723 F.2d 1348, 1352 (7th Cir. 1983) ("Only a state court can authoritatively interpret its own state's statutes and ordinances."). And contrary to defendants' assertion that the complaint "does not cite ***any*** statute—federal or state," Dkt. 9, at 6, the complaint refers to Wisconsin's Uniform Declaratory Judgments Act. *See* Dane County Case No. 22-cv-1515, Doc. 4, at 4. The Declaratory Judgments Act is remedial, not substantive, but it clearly suggests that Adams's complaint is grounded in state law.

Defendants implicitly concede that not all of Adams's claims involve questions of federal law; they ask the court to exercise supplemental jurisdiction under 28 U.S.C. § 1367(a) over those that do not. The court could exercise supplemental jurisdiction if Adams's complaint presented a federal question, but here it cannot because Adams brings exclusively state-law claims and none of those claims are exclusively governed by federal law. *See Rivera v. Allstate Ins. Co.*, 913 F.3d 603, 617 (7th Cir. 2018) ("By its plain terms, § 1367(a) makes clear that supplemental jurisdiction may only be invoked when the district court has a hook of original jurisdiction on which to hang it.") (internal quotations omitted). Adams brings only state-law claims in the '359 case, and the court has no basis to exercise jurisdiction over it. The court will grant the motion to remand.

Adams requests attorney fees and costs for an improper removal under 28 U.S.C. § 1447(c). That request is denied. The standard for shifting fees turns on the reasonableness of removal; "[a]bsent unusual circumstances, attorney's fees should not be awarded when the

removing party has an objectively reasonable basis for removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 136 (2005). Here, Adams split highly related claims into two separate lawsuits in different courts. The state complaint involves "the same parties, the same municipal code, the same parcel of land, and the same subject billboard" as Adams's ongoing federal case. Dkt. 1, at 2. Adams was entitled to bring its state-law claims in state court, but it was also reasonable to try to bring the two suits into the same forum. In the context of this parallel litigation, defendants had an objectively reasonable basis for removal so an award of fees would not be appropriate.

The court cannot consolidate a case it has jurisdiction over with one that it does not. Accordingly, defendants' motion to consolidate case No. 22-cv-359-jdp with case No. 22-cv-51-jdp is denied.

### ORDER

IT IS ORDERED that:

1. Plaintiff Adams Outdoor Advertising's motion to remand in case No. 22-cv-359-jdp, Dkt. 6, is GRANTED. Plaintiff's request for attorney fees and costs incurred as a result of removal under 28 U.S.C. § 1447(c) is DENIED.

2. The case is REMANDED to the Circuit Court for Dane County, Wisconsin.

3. Defendants' motion to consolidate cases in case No. 22-cv-51-jdp, Dkt. 41, is DENIED.

Entered November 22, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge