IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ADAMS OUTDOOR ADVERTISING
LIMITED PARTNERSHIP,

                    Plaintiff,

     v.

CITY OF MIDDLETON, MARK OPITZ,
and ABBY ATTOUN,

                    Defendants.

OPINION and ORDER

22-cv-51-jdp

---

Plaintiff Adams Outdoor Advertising Limited Partnership has billboards throughout Wisconsin, including in the City of Middleton. It would like to replace some of its Middleton billboards with digital billboards and erect more, but it can't under Middleton's sign code. After the city refused to grant it a permit to erect a digital billboard in October 2021, Adams responded with this federal suit waging a broad-based First Amendment attack on the sign ordinance.

The case is now before the court on the parties' cross-motions for summary judgment. Dkt. 48; Dkt. 53. As Adams Outdoor concedes, its challenges to the billboard-related provisions of Middleton's sign code are no longer viable in light of the Supreme Court's decision in *City of Austin v. Reagan Nat'l Advert. of Austin, LLC*, 142 S. Ct. 1464, 1472–73 (2022), as confirmed by the Seventh Circuit's decision in *Adams Outdoor Advert. Ltd. P'ship v. City of Madison, Wisconsin*, 56 F.4th 1111 (7th Cir. 2023). And Adams hasn't shown that it has standing to challenge any other provisions of the code. So the court will grant summary judgment to defendants and dismiss this case.

Defendants have also filed a motion for Rule 11 sanctions based on Adams's failure to formally withdraw its amended complaint. Dkt. 58. Adams's amended complaint challenges numerous provisions of the sign code, and Adams notified the city that it was dropping its challenges to the billboard-related provisions. However, Adams didn't provide this notice within the 21 days allowed by Fed. R. Civ. P. 11(c)(2), which might have led to unnecessary work on the city's part. So Adams must reimburse defendants for any reasonable attorney fees expended defending the billboard-related claims between the date of the city's safe harbor letter and the date Adams notified them that it was dropping the claims. Defendants' request for additional sanctions will be denied.

BACKGROUND

Plaintiff Adams Outdoor Advertising Limited Partnership is an outdoor advertising company that owns billboards and leases some parcels of land in the city of Middleton, Wisconsin.  In October 2021, it sought permission from the city to erect a digital billboard on one of its parcels. After the city denied the application, Adams Outdoor sued the city and two of its administrators, alleging that the city's sign code was unconstitutional on its face. Dkt. 1. Adams's main contention was that by treating off-premises signs (as billboards are referred to in the code) less favorably than other signs, the city was imposing a content-based restriction on speech subject to strict scrutiny and thus unconstitutional under the First and Fourteenth Amendments. But the company also challenged multiple other provisions in the sign code, contending that they too were unconstitutional because they were either content-based speech restrictions, unduly vague, or operated as an improper prior restraint. Adams also challenged

the code as applied and sought a declaration that its sign application had been approved by inaction pursuant to Section 22.04(3) of the sign code.

Adams amended its complaint on May 20, 2022, dropping the as-applied constitutional challenge and state-law claims, leaving only the facial constitutional challenge. Dkt. 20. As in the initial complaint, Adams averred that the city's sign code adversely affected its business by prohibiting it from erecting new billboards, from erecting digital billboards, and from replacing existing billboards throughout the city. *Id.* at ¶¶14-28. The amended complaint asserts the following counts: (1) a facial challenge to the constitutionality of the sign code as a content-based restriction on speech; (2) a facial challenge to the constitutionality of the code's complete ban on digital billboards; (3) a facial vagueness/procedural due process and overbreadth challenge to the constitutionality of the code; (4) a facial challenge to the constitutionality of "various additional code provisions" as a prior restraint; and (5) a facial challenge to the constitutionality of the code on equal protection or substantive due process grounds. *Id.*[1]

Adams's legal challenges to Middleton's sign code mimic those it brought in 2017 against the City of Madison's sign ordinance. *Adams Outdoor Advert. Ltd. P'ship v. City of Madison*, No. 17-CV-576-JDP, 2020 WL 1689705 (W.D. Wis. Apr. 7, 2020), *aff'd sub nom. Adams Outdoor Advert. Ltd. P'ship v. City of Madison, Wisconsin*, 56 F.4th 1111 (7th Cir. 2023). There, as here, Adams argued that the ordinance's distinction between on- and off-premises signs was unconstitutional under *Reed v. Town of Gilbert*, 576 U.S. 155 (2015). *Id.*, at *3. This court rejected Adams's theory, holding that *Reed* did not "represent[] the radical shift in First

---

[1] The amended complaint did not remove individual defendants Mark Opitz and Abby Attoun from the case caption, but Adams Outdoor concedes that its claims against these defendants should be dismissed as it is no longer alleging an as-applied challenge. Dkt. 63, at 7 n.1.

Amendment law that Adams Outdoor suggests" and that regulations based on the distinctions between commercial and non-commercial speech, and between on-premises and off-premises signs, were subject only to intermediate scrutiny under *Central Hudson Gas & Electric Corporation v. Public Service Commission of New York*, 447 U.S. 557 (1980), and for evaluating billboard regulation in *Metromedia, Inc. v. City of San Diego*, 453 U.S. 490 (1981). *Id*. This court also held that: (1) with the exception of its challenge to Madison's 2009 ban on digital signs, Adams's claims were barred by a 1993 settlement and stipulated judgment with the city, *id*. at *5; (2) even if not barred by the prior settlement, Adams's remaining First Amendment challenges to the ordinance failed on the merits, *id*. at *17-23; and (3) Adams didn't have standing to challenge the constitutionality of ordinance provisions that didn't apply to billboards, which were the only signs that it had indicated that it wanted to erect. *Id*. at *4.

The Seventh Circuit affirmed this court's decision. *Adams Outdoor Advert. Ltd. P'ship v. City of Madison, Wisconsin*, 56 F.4th 1111 (7th Cir. 2023). The court agreed that all of Adams's claims except the challenge to the ban on digital displays were precluded by the 1993 stipulated judgment. *Id*. at 1114. With respect to the ban on digital billboards, the court of appeals held that this court had correctly anticipated what the Supreme Court made explicit in *City of Austin v. Reagan Nat'l Advert. of Austin, LLC*, 142 S. Ct. 1464, 1472–73 (2022), namely, that nothing in *Reed* altered the Court's earlier precedents applying intermediate scrutiny to billboard ordinances and upholding the distinction between on- and off-premises signs as ordinary content-neutral "time, place, or manner" speech restrictions. As the court of appeals explained:

> [T]he legal foundation of [Adams's] suit—that the on-/off-premises distinction in Madison's sign code is a content-based classification triggering strict scrutiny—is unsound. As *City of Austin* has now made clear, the on-/off-premises line is content neutral, so intermediate scrutiny applies. And we see no flaw in

the judge's analysis and decision upholding the city's ban on digital-image signs under that more lenient standard of review.

*Id*. at 1119-20.

Armed with *City of Austin* and *City of Madison*, on February 2, 2023, the City of Middleton sent a letter with a proposed motion for sanctions to Adams's counsel. The letter advised that Adams's challenge based on the distinction between on- and off-premises signs was frivolous and warned that the city would seek Rule 11 sanctions if Adams did not withdraw its lawsuit. Dkt. 60-1. Counsel for Adams responded by email on March 14 that Adams was no longer pursuing its claims based on the on-/off-premises distinction, but that it would still be pursuing the other claims asserted in its lawsuit. Dkt. 66–1. Adams's counsel noted that the Seventh Circuit had not addressed the merits of these challenges in *City of Madison* because it found them precluded by a prior stipulated judgment between Adams and the City of Madison, and no such judgment precluded those claims against the City of Middleton. *Id*.

A week later, the parties filed their cross-motions for summary judgment.[2] The city moved for summary judgment on the entirety of the amended complaint. Dkt. 48. Adams moved for summary judgment on Counts I, III, and IV. Dkt. 53. The following day, the city filed a motion for Rule 11 sanctions, on the ground that Adams's amended complaint was frivolous in light of *City of Austin*. Dkt. 58; Dkt. 59.

---

[2] During a status conference on June 21, 2022, the court discouraged the city from filing a motion to dismiss, stating its preference that the parties present all the substantive issues in a single dispositive motion. Dkt. 39.

ANALYSIS

## A.  Motions for summary judgment

Adams doesn't dispute that its challenge to the sign code's ban on new billboards as "off-premises" signs is no longer viable after *City of Austin* and *City of Madison*, and it offers no opposition to the city's motion with respect to Counts II (the ban on digital billboards) or V (the equal protection claim). But Adams says its lawsuit can still proceed because its amended complaint "pleads its claims as to all provisions of the sign code," of which the on/off premise distinction constitutes only a "small slice." Dkt. 67, at 2 (Br. in Opp. to Mot. for Sanctions).

Adams's characterization of what this lawsuit is about is disingenuous, given its earlier representations in this case. *See* Dkt. 29 (Response Opposing Motion for More Definite Statement). But its amended complaint refers to numerous provisions of the sign code in addition to those that apply to billboards. For example, as part of its claim that the sign code is an unconstitutional "content-based restriction on speech," Adams parses the definition section of the code, citing 17 different definitions that it says are content-based, including "ancillary signs," "directory sign," "construction sign," and "menu sign." Dkt. 20, ¶¶ 35–51. Similarly, in Count III, it alleges that 20 different provisions of the sign code are unconstitutionally "vague, ambiguous, or overbroad." *Id*. at ¶¶ 72-92. And in Count IV, Adams alleges that the code's permit requirements for certain signs and its "design review criteria" are unconstitutional prior restraints. *Id*. at ¶¶ 105–120.

But, as the city contends, Adams doesn't have standing to challenge these provisions. To demonstrate standing, Adams must show that it has (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

6

The injury-in-fact requirement is the "[f]irst and foremost" of these three elements. *Wadsworth v. Kross, Lieberman & Stone, Inc.*, 12 F.4th 665, 667 (7th Cir. 2021) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103 (1998)). "To establish injury in fact, a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (internal quotations and citation omitted).

Constitutional standing is an "absolute and irrevocable" requirement that plaintiffs must establish, even for First Amendment claims. *Prime Media, Inc. v. City of Brentwood*, 485 F.3d 343, 350 (6th Cir. 2007). Although there is "broad latitude given facial challenges in the First Amendment context, a plaintiff must establish that he has standing to challenge each provision of an ordinance by showing that he was injured by application of those provisions." *Covenant Media Of SC, LLC v. City of N. Charleston*, 493 F.3d 421, 430 (4th Cir. 2007) (citations omitted, cleaned up). In other words, standing is not "dispensed in gross; [rather], a plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought." *City of Madison*, 2020 WL 1689705, at *4.

Applying these rules in *City of Madison*, this court held that the city's reliance on some provisions in denying permits to Adams didn't grant the company standing to challenge the entire sign ordinance. *Id*. Adams hadn't explained how it was injured by numerous provisions that didn't apply to it or relate to its business, so the court didn't evaluate the constitutionality of those provisions. *Id*.

Adams's amended complaint in this case is nearly identical to its complaint in *City of Madison*. It alleges that Middleton's sign code adversely affects Adams's business by prohibiting it from erecting new billboards, from erecting digital billboards, and from replacing existing

billboards throughout the city. *Id.* at ¶¶14-28. But the amended complaint does not include any allegations that plausibly suggest how Adams was injured by the various provisions cited that have nothing to do with billboards, such as "menu signs" or "construction signs."

Adams hasn't disputed this fact or attempted to show how the various provisions it challenges apply to its billboard business. Instead, in its summary judgment briefs, it asserts for the first time that it has standing to press its remaining challenges to the sign code because the code contains provisions that are causing injury to Adams's rights in its capacity as a *property owner*. In support, it has submitted an affidavit from its General Manager, who avers:

> In addition to its primary business as a billboard company, as a property owner, Adams Outdoor routinely erects non-billboard signs on the properties it owns and leases, such as real estate signs, construction signs, political signs, and other signage, just as any other property owner would do.
>
> Because of the city's sign code, Adams Outdoor is unable to erect non-billboard signs, such as real estate signs, construction signs, political signs, and other signage on its properties in the city unless they comply with the city's onerous size and/or time restrictions.

Aff. of Julie Johnson, Dkt. 56, at ¶¶ 13-14.

Johnson's affidavit fails to make out the particularized, showing of imminent harm necessary to establish a justiciable controversy with respect to each of the provisions that Adams challenges on summary judgment. Johnson identifies only three types of signs that Adams sometimes erects: (1) real estate signs; (2) construction signs; and (3) political signs. (The court disregards her non-specific reference to "other signage.") Adams does not contend that any of these signs are banned by the sign code (they aren't) or even that Adams needs a permit to erect such signs (it doesn't). *See* Dkt. 1-2, Middleton Sign Code, § 22.11 (exempting construction signs, political signs, and real estate signs from permit requirement). All Adams

offers is Johnson's generic statement that the city attaches "onerous" size and/or time restrictions to such signs.[3]

But Adams hasn't alleged any facts to show that it "has sustained or is immediately in danger of sustaining a direct injury as the result of" the size or time restrictions in the sign code. *Laird v. Tatum*, 408 U.S. 1, 13 (1972) (quoting *Ex parte Levitt*, 302 U.S. 633, 634 (1937)). Notably, although Adams asserts in its brief that the sign code has had a chilling effect on its speech, Adams hasn't alleged that it *wants* or *intends* to put up non-billboard signs that are larger or outside the time frame than those allowed under the code, it hasn't alleged that Adams has ever erected or attempted to erect a non-conforming sign (other than a billboard), and it hasn't alleged what consequences it would face if it did. It *alludes* to civil penalties, but it doesn't direct the court to any penalty provisions that would apply to non-conforming construction signs, political signs, or real estate signs. Similarly, while Adams challenges various aspects of the code's permitting scheme as vague and an unlawful prior restraint, it doesn't suggest how those provisions affect its ability to erect construction signs, political signs, or real estate signs, which are *exempted* from the permitting requirement. Sign Code, § 22.11. Absent these kinds of specific

---

[3] In its brief, Adams asserts that it "may want to place a large political sign on its property next to Madison's Beltline Highway promoting one or more politicians who are running against current members of the city of Middleton's Common Council," but it can't do so unless it only erects the sign "during the election campaign period" and the sign complies with the city's size limit requirements. Dkt. 54, at 16. But Adams's unsupported assertions in its brief are not "evidence" sufficient to establish standing. *Spuhler v. State Collection Serv., Inc.*, 983 F.3d 282, 286 (7th Cir. 2020) (at summary judgment, plaintiff must set forth by "affidavit or other evidence" specific facts that establish standing) (quoting *Lujan*, 504 U.S. at 561). Further, as the city points out, the sign code allows a political sign to be substituted for a noncommercial sign, in which case it can remain on display past the election campaign period. Sign Code § 22.11(18).

allegations, Adams's assertion that it faces a "credible prospect of prosecution" from application of the rules that apply to non-billboard signs is far too speculative to confer standing. *Cf. Deida v. City of Milwaukee*, 176 F. Supp. 2d 859, 863 (E.D. Wis. 2001) (plaintiff who received citation for violating ordinance prohibiting placing leaflets on cars had standing to challenge ordinance, where plaintiff alleged that she wished to leaflet cars, but at times she refrained from doing so because she feared receiving additional citations); *Commodity Trend Serv., Inc. v. Commodity Futures Trading Comm'n*, 149 F.3d 679, 687 (7th Cir. 1998) (plaintiff bringing facial overbreadth challenge to statute has duty to demonstrate that the threat of prosecution is "more than speculative"); *Oriental Health Spa v. City of Fort Wayne*, 864 F.2d 486, 489 (7th Cir. 1988) (plaintiff lacked standing to challenge license suspension and revocation provisions of ordinance where it had never been threatened with such action).

In sum, the only provisions of the sign code that Adams has standing to challenge are those pertaining to billboards, a challenge that it concedes is without legal support. Its attempt to show standing to challenge other provisions based on its rights as a property owner falls woefully short. Accordingly, the city is entitled to summary judgment in its favor on the entirety of the amended complaint. Adams's cross-motion for summary judgment is denied.

## B. Rule 11 Sanctions

The city seeks sanctions under Fed. R. Civ. P. 11(b), which provides:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

10

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

The city argues that sanctions are warranted under Rule 11(b)(2) for Adams's filing of its amended complaint after the Supreme Court decided *City of Austin*.

Rule 11(c)(2) provides that a party cannot file a sanctions motion "if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service [of the motion] or within another time the court sets." On February 2, 2023, the city sent a Rule 11 "safe harbor" letter along with a proposed motion for sanctions to Adams's counsel, advising that its challenge to the on-/off-premises distinction was frivolous and warning that the city would seek Rule 11 sanctions if Adams did not withdraw its lawsuit. Dkt. 60-1. Counsel for Adams responded by email on March 14, six days before the dispositive motion deadline, stating that Adams was no longer pursuing its claims based on the on/off-premises distinction in Middleton's sign code, but that it would still be pursuing the other claims in its lawsuit. Dkt. 66–1.

Adams argues that the city's motion for Rule 11 sanctions is frivolous because Adams notified the city on March 14 that it was dropping its challenge to the on-/off-premises distinctions in the sign code. The rule doesn't specify what "appropriately corrected" means, but the Advisory Committee Notes indicate that this can be done informally. *See* Advisory Committee Notes to Rule 11, 1993 Amendment (noting that "If, during [the 21-day] period,

the alleged violation is corrected, as by withdrawing (whether formally or informally) some allegation or contention, the motion should not be filed with the court."). *Novoselsky v. Zvunca*, 324 F.R.D. 197, 203 (E.D. Wis. 2017), a case cited by the city, does not hold differently. Accordingly, absent any authority from the city supporting its contention that only a formal withdrawal suffices, the court concludes that Adams's informal notice was sufficient to constitute an "appropriate correction" under the rule.

But Adams isn't completely off the hook. Adams didn't notify the city that it was dropping its challenge to the on/off-premises distinction in the code until 40 days after the city served its Rule 11 motion and safe harbor letter. Under the rule, a party has 21 days after service of a safe harbor letter to withdraw or amend its claims unless the court specifies another time, which did not occur in this case. Adams does not offer any explanation or excuse for waiting 40 days. The extra days might well have mattered: by the time Adams responded, the parties' deadline for filing summary judgment motions was only six days away; by that point, counsel for the city likely had started drafting its summary judgment motion. The court finds that ordering Adams to pay the city's reasonable attorney fees expended on briefing Adams's challenges to the on/off-premises distinctions in the sign code up to that date is an appropriate sanction for Adams's failure to timely withdraw its claims.

On reply, the city argues that the court should also sanction Adams for its "filing of the equivalent of a sham affidavit [by Johnson] and attempting to impermissibly amend its Amended Complaint at the summary judgment stage[.]" Dkt. 68, at 3. But the city's safe harbor letter didn't raise this as a ground for sanctions, so the court cannot consider it as part of the Rule 11 process. *See Mallory v. Rush Univ. Med. Ctr.*, 2021 WL 458547, at \*22 (N.D. Ill. Feb. 9, 2021) ("[T]he Court declines to consider Rush's invocation of Rule 11(b)(1) . . .

because Rush did not raise this ground in its November 18 'safe harbor' letter. . . . [A] safe-harbor letter only authorizes a party to seek sanctions based on the grounds set forth in the letter.") (internal quotation marks omitted), appeal dismissed, 2021 WL 7541199 (7th Cir. Nov. 16, 2021); *Novoselsky*, 324 F.R.D. at 204 ("[A] safe-harbor letter only authorizes a party to seek sanctions based on the grounds set forth in the letter.").

The court could decide on its own to order Adams to show cause why it should not be sanctioned for pursuing claims for which it lacked standing, but the court declines to do so. Rule 11 sanctions are not appropriate unless a party's argument was "entirely groundless." *Philos Techs., Inc. v. Philos & D, Inc.*, 802 F.3d 905, 917 (7th Cir. 2015). The court finds that Adams's claim to standing was feeble, but not frivolous or so groundless as to warrant sanctions. The city's suggestion that Johnson's affidavit is a "sham" isn't really apt, given that Johnson hasn't offered any other sworn testimony in this case. *James v. Hale*, 959 F.3d 307, 317 (7th Cir. 2020) ("[T]he sham-affidavit rule applies to contradictions between an assertion in a party's summary-judgment affidavit and the party's prior sworn testimony."). The city's real gripe seems to be that Adams didn't make clear until summary judgment that it was alleging harm to its interests as a property owner in putting up non-commercial signs. But Adams's amended complaint contains weasel words suggesting a plausible basis for such claims. *See* Dkt. 20, ¶13 ("Adams has standing to bring the claims asserted in this Amended Complaint—including *but not limited to*—claims that the Code (as defined herein), or sections thereof, is unconstitutional on its face and that the Code's permitting scheme acts as an unlawful prior restraint."); ¶28 ("[T]he City's Code, *among other things*, unconstitutionally prohibits Adams from erecting new billboards, from erecting digital billboards, and from replacing existing

13

billboards throughout the City.). The city could have nailed down Adams's claims with contention interrogatories to eliminate the late weaseling.

The city's motion for Rule 11 sanctions is granted only in part. Adams must pay the reasonable attorney fees expended by the city on briefing Adams's challenges to the on-/off-premises distinction in the sign code between February 24, 2023, until it received Adams's counsel's email on March 14. The city's motion for sanctions is denied in all other respects.

ORDER

IT IS ORDERED that:

1.  Plaintiff's motion for partial summary judgment, Dkt. 53, is DENIED.

2.  Defendants' motion for summary judgment, Dkt. 48, is GRANTED.

3.  Defendants' motion for sanctions, Dkt. 58, is GRANTED in part as set forth above. Defendants may have until June 28, 2023, to submit an accounting of expenses incurred in defending the billboard-related provisions of the sign code between February 24 and March 14, 2023. Plaintiff may have until July 7, 2023, to respond.

4.  The clerk shall enter judgment for defendants and close this case.

Entered June 7, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

14