IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ADAMS OUTDOOR ADVERTISING
LIMITED PARTNERSHIP,

                      Plaintiff,

v.

CITY OF MIDDLETON, MARK OPITZ,
and ABBY ATTOUN,

                      Defendants.

OPINION and ORDER

22-cv-51-jdp

---

      This court awarded Rule 11 sanctions to the City of Middleton based on Adams's failure to timely notify the city that it was withdrawing its challenge to the billboard-related provisions of Middleton's sign code. Dkt. 75. Specifically, this court authorized the city to recoup its reasonable attorney fees expended on briefing Adams's challenges to the on/off-premises distinction in the sign code between February 24 and March 14, 2023. *Id*. at 14. The city seeks an award of $8,455.00, which it supports with attorney billing records.[1] Dkt. 77. In response, Adams has filed a motion for reconsideration under Fed. R. Civ. P. 54(b) and an objection to the fee request. Dkt. 78; Dkt. 79, at 4.

      The court begins with the reconsideration motion. Like motions to amend or alter a judgment under Rule 59(e), Rule 54(b) is a vehicle by which a party can ask the court to correct a manifest error of law or fact or to present newly discovered evidence. *Woods v. Resnick*, 725 F. Supp. 2d 809, 827 (W.D. Wis. 2010) (citing *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987)). Adams argues that its failure to withdraw its billboard-related claims

---

[1] The city initially sought $8,720.00, but has conceded that $265 was not for work on this case. *See* Dkt. 81, at 5.

within 21 days of the city's safe harbor letter is not sanctionable because the city knew that Adams was deciding at that time whether to appeal the Seventh Circuit's decision in *Adams Outdoor v. City of Madison*, 56 F. 4th 1111 (7th Cir. 2023), to the Supreme Court, and that the city even agreed to an extension of the summary judgment deadline in this case, presumably for that reason. But Adams didn't raise this argument in its terse response to the sanctions motion. *See* Dkt. 67. It is well-settled that a motion for reconsideration "does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Woods*, 725 F. Supp. 2d at 828 (citation omitted). So the court denies the motion on this basis.

Regardless, Adams's new argument is unpersuasive. Simply because Adams may have been considering whether to file a certiorari petition in *Adams Outdoor* didn't mean there was any merit to such a petition, nor did it relieve Adams of its duty to respond within 21 days to the city's safe harbor letter. As the city notes, its letter cited not only *Adams Outdoor* but *City of Austin v. Reagan Nat'l Advert. of Austin, LLC*, 142 S. Ct. 1464 (2022). As the *Adams Outdoor* court held, *City of Austin* rendered "unsound" Adams's claim that an on/off-premises distinction like the one in Middleton's sign code was a content-based classification triggering strict scrutiny. 56 F.4th at 1120. In other words, the city had legal grounds to send its safe harbor letter after the Supreme Court issued *City of Austin*; the Seventh Circuit's decision in *Adams Outdoor* merely confirmed that fact. So, Adams's communications with the city about its contemplated certiorari petition in *Adams Outdoor* did not relieve Adams of its separate and more pressing obligation to promptly withdraw its equally "unsound" claims in this case. Adams's motion to reconsider the award of sanctions is denied.

In the alternative, Adams objects to the city's fee request on the ground that its billing records include work performed on defenses unrelated to the billboard-related provisions of the sign code. The city doesn't deny that it failed to specifically isolate this work in its billing records, but it says that's because "prior to March 14, 2023, Defendants did not know of any other claims related to the federal court suit." Dkt. 81, at 5. But as the court noted in its summary judgment order, the city bears some of the blame for its lack of knowledge. Dkt. 75, at 14 (noting that "[t]he city could have nailed down Adams's claims with contention interrogatories"). Sanctions are appropriate only for work that could have been avoided had Adams timely responded to the safe harbor letter. From the city's billing records, the court concludes that only the following entries plainly fall into this bucket:

- 1.3 hours on 3/1/23 ($357.50)
- 1.5 hours on 3/9/23 ($412.50)
- 4.4 hours on 3/12/23 ($1,210.00)
- 0.3 hours on 3/14/23 ($82.50)

Total: $2,062.50

Plaintiff is directed to pay this amount to the City of Middleton not later than August 7, 2023.

ORDER

IT IS ORDERED that:

1. Plaintiff's motion for reconsideration, Dkt. 78, is DENIED.

2. Not later than August 7, 2023, plaintiff shall pay $2,062.50 to the City of Middleton as a sanction under Fed. R. Civ. P. Rule 11(b).

Entered July 26, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge